UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

CATHERINE SILVER )
6001 Lucente Avenue )
Suitland, MD 20746 )
 )
    Complainant, )
 )
v. )    **Case No.:**
 )
MICHAEL O. LEAVITT, )    **JURY TRIAL DEMANDED**
SECRETARY OF THE UNITED STATES )
DEPARTMENT OF HEALTH AND HUMAN )
SERVICES )
330 Independence Avenue )
Washington, DC 20201 )
 )
    Defendant. )
_____)

## VERIFIED COMPLAINT

1. This action is for injunctive, declaratory, and monetary relief against Defendant for violations of the Age Discrimination in Employment Act of 1967, Section 7(b), 29 U.S.C. § 626(b), including § 633a, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA").

## JURISDICTION AND VENUE

2. Jurisdiction is proper pursuant to Section 7(b) of the ADEA, 29 U.S.C. § 626(b) and § 633a, and 28 U.S.C. § 1337 and therein.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b). The unlawful employment practices, including the facts that form the basis of this complaint, were committed in the District of Columbia.

## PARTIES

5. Complainant Catherine Silver, resides in Suitland, Maryland and serves as an employee of the Defendants. Complainant was born on October 20, 1940, and is sixty-four years old.

6.   Defendant, Michael O. Leavitt, Secretary of the United States Department of Health and Human Services ("DHHS"), are engaged in an industry affecting commerce, as defined in Section 11(h) of the ADEA, 29 U.S.C. § 630(h). Defendant employ twenty (20) or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. Defendant is "an employer" within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

7.   Complainant has exhausted all applicable administrative remedies. Prior to filing this civil action, on November 19, 2003, Complainant timely contacted the relevant counselor at the DHHS, the agency's office of Equal Employment and Civil Rights, to complain. Because attempts to effect Alternative Dispute Resolution were unsuccessful, Complainant proceeded to file a formal discrimination complaint asserting age discrimination, with her employing agency. The Agency issued a Report of Investigation ("ROI") on April 13, 2004.

8.   To date there has been no final agency decision regarding Complainant's complaint,[1] and more than 180 days have passed.

9.   Complainant has complied with 29 U.S.C. § 626(d), 29 C.F.R § 1614.407(b), and 29 C.F.R. §1614.201(c)(1), filing this action 180 days after the filing of her formal complaint of age discrimination.

## FACTUAL ALLEGATIONS

10.   Complainant has served as a federal employee since 1969, joining DHHS in about 1979 as a Secretary in the Administration for Children and Families ("ACF") at DHHS.

11.   Complainant was promoted to Program Analyst, and from 1998 to February 2001,

---

[1]Although on June 30, 2004 Complainant timely sought a hearing, on May 2, 2005 she withdrew her request.

2

Complainant served as Program Specialist, FS-301-9, in the ACF's Office of Child Support Enforcement.

12.     In February 2001, Complainant became a participant in the Career Opportunities Training Program ("COTA"), a training program designed to provide a systematic learning experience by which a government employee trains to qualify for a targeted position.

13.     The COTA training consisted of formal classroom training, on the job training, and self development activities to provide Complainant with the background to compete for a Grants Management Specialist position

14.     Complainant successfully completed all the classroom work, including courses related to her targeted position of Grants Management Specialist by February, 2002, and served as a Grants Management Specialist (COTA trainee) from February 2001 until February 2002.

15.     Since February 2002, Claimant has functioned as and performed all tasks required in the Grants Management Specialist position.

16.     Claimant has consistently been evaluated as fully proficient in all her annual performance appraisals.

17.     During 2001, Monique Weatherspoon, and Roni Brooks, staff assistants, less qualified candidates with a lower rank, were hired by the Office of Grants Management, for lower ranked positions.

18.     Weatherspoon and Brooks were nonetheless given Grants Management Specialist work, and were promoted during the next year, non-competitively.

19.     In or about May, 2002, Complainant applied for an opening posted by ACF for a Grants Management Specialist, Vacancy Announcement Number ACF-02-037, which remained posted

3

from May 24, 2002 until June 10, 2002.

20. Complainant was judged to be highly qualified.

21. A younger applicant was selected and Complainant did not get the job.

22. When Complainant questioned why she was not selected, she was told that she could only qualify for the position by completing another 52 weeks of employment in the position as a COTA trainee.

23. From February 2002, when Complainant completed her COTA training, through about June 23, 2003, although Complainant was consistently performing all tasks of a Grants Management Specialist, the Director of the Office of Grants Management refused to sign off on Complainant's COTA agreement, which signature was required for reclassification to full performance as a Grants Management Specialist, GS-09.

24. To obtain the required signature, Complainant had to get her Union to intervene for her, and the COTA agreement was eventually signed to reflect Complainant's completion of the program..

25. In the period from February 26, 2003 until March 28, 2003, another Vacancy Announcement Number ACF-03-008, for a Grants Management Specialist, GS-9/11/12, was posted.

26. Complainant, a GS- 9, applied for the job, seeking to be hired as a GS 11.

27. Complainant was well qualified for the job, and was performing the job.

28. Nonetheless Complainant was rejected for the ACF-03-008 position and two younger applicants were hired.

29. The new hires required mentoring and training to learn the job, which Complainant was

already performing.

30. The employer claims to justify Claimant's non-selection on the basis of cost, because the new hires were hired as GS 9's.

31. The employer's justification is pretextual as the selectees were promoted to GS 11 within months.

32. Bias based upon age was evidenced by comments made by managers.

33. In or about April 2004, another Grants Management Specialist position was posted, and Complainant applied.

34. Although Complainant was well qualified for the position, several younger applicants were selected.

35. Complainant consulted the agency's EEO counselor about this selection, but the counselor did not add or investigate the most recent discriminatory action to Complainant's Complaint.

## COUNT I
### (VIOLATION OF THE ADEA)

36. Complainant realleges each and every factual allegation contained in paragraphs 1 through 35.

37. Complainant Silver was unlawfully denied promotions based on her age (62, 63, and 64 respectively at the time of the denials).

38. Defendant treated Complainant Silver differently than younger job applicants.

39. Defendant' repeated failure, based upon Complainant's age, to promote her to a Grants Management Specialist position, is a continuing violation.

40. Defendant age discrimination against Complainant Silver was done willfully, intentionally,

maliciously and with a reckless disregard for Complainant's rights under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.*

41.     As a direct and proximate result of Defendant's discrimination, Complainant has suffered loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, loss of dignity, and loss of enjoyment of life.

## PRAYER FOR RELIEF

**WHEREFORE**, Complainant respectfully prays for judgment against the Defendant as follows:

(a) For an Order directing the Defendant to promote the Complainant to the position of Grants Management Specialist within Defendant, Department of Health and Human Services, Administration for Children and Families, Office of Grants Management;

(b) For a monetary judgment representing backpay for Defendant's willful violations of the Age Discrimination in Employment Act due to its unlawful failure to promote;

(c) For a money judgment representing prejudgment interest

(d) That the Court retain jurisdiction over this action until the Defendant has fully complied with the Orders of this Court;

(e) For the costs of suit, including an award of reasonable attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C.A. §2412(D)(1)(A); and

(f) For such other and further relief as may be just and proper.

Demand for Jury Trial

Complainant demands a trial by jury to the extent jury trial may be available.

Respectfully submitted,

HENRICHSEN SIEGEL, PLLC

*[signature: Josh N. Burton]*

Josh N. Burton  DC Bar No. 473332
Nancy S. Brewer
Eric L. Siegel  DC Bar No. 427350
Henrichsen Siegel, P.L.L.C.
5301 Wisconsin Avenue, Suite 570
Washington, D.C. 20015
Telephone: (202) 966-6500
Facsimile: (202) 966-7464
*Attorneys for Complainant*

## VERIFICATION

I, Catherine Silver, declare under penalty of perjury that the foregoing Verified Complaint is true and correct to the best of my knowledge, information and belief.

*[signature: Catherine Silver]*
Catherine Silver