UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE SILVER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action Number: 1:05CV0968(JDB) |
| | ) |
| | ) |
| U.S. DEPARTMENT OF HEALTH | ) |
| AND HUMAN SERVICES, | ) |
| | ) |
|     Defendant. | ) |

### DEFENDANT'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Defendant Michael O. Leavitt, Secretary, Department of Health and Human Services ("HHS"), by undersigned counsel, hereby move, pursuant to FED. R. CIV. P. 12(b)(6) and 56(c) to dismiss the Plaintiff's Complaint, or in the alternative, for Summary Judgment.

I.    BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Catherine Silver asserts that she was discriminated against based on her age when was not selected for any of three vacancies for the position of Grants Management Specialist, GS-1101-9/11/12 announced under the Vacancy Announcement Number ACF-03-008. Report of Investigation ("ROI"), Exhibit ("Ex.") 9.[1] This vacancy was posted from February 26, 2003 until March 28, 2003

---

[1] The ROI shows that only two positions were filled. See ROI, Ex. 9.

and was located in the Division of Discretionary Grants, Office of Grants Management ("OGM"), Office of Administration ("OA"), Administration for Children and Families ("ACF"), HHS. Plaintiff maintains that around the time of the 2003 announcement's closing on March 28, 2003, Ms. Carol Walker, Deputy Director, OA, informed her that the two (2) vacancies had been filled at the GS-9 level and that Plaintiff had not been selected. ROI, Ex. 5.4. On August 19, 2003, Plaintiff sent an email to the Agency Equal Employment Opportunity ("EEO") office informing them of her request to meet with an EEO counselor.[2] See Exhibit 1 attached hereto. Thereafter on November 19, 2003, Plaintiff filed a formal complaint with HHS, alleging that she was discriminated against on the basis of age (63, DOB 10/20/1940) when she was not selected for the ACF-03-008 position. ROI, Ex. 2; Ex. 3.

Subsequently, the claim was investigated and an ROI was issued to HHS and Plaintiff on April 13, 2004.[3] While the EEOC case was in the discovery phase,

---

[2] In her correspondence with the EEO office, Plaintiff alleged that she was notified of her non-selection on July 25, 2003, however, she has provided no documentation or support for this date in the ROI, and this July date conflicts with her sworn Affidavit statement which identifies late March 2003 as her notice date. In this regard, the EEO office conducted a search of its records and found no support for Plaintiff's July 25, 2003 date.

[3] The ROI specifically stipulated that Plaintiff should request a hearing within thirty (30) calendar days after receiving the certified-return receipt package. However, Plaintiff requested a hearing on June 30, 2004, approximately one (1) month past the deadline. See Exhibit 5.

Plaintiff then filed a Notice of Intent to Sue in the United States District Court for the District of Columbia on March 29, 2005. See Exhibit 2 attached hereto. After issuing this notice, Plaintiff withdrew her request for a hearing before the Equal Employment Opportunity Commission ("EEOC") on May 2, 2005. See Exhibit 3 attached hereto. Consequently, the EEOC administrative judge dismissed the case on May 13, 2005. See Exhibit 4 attached hereto. A final Agency decision has not yet been issued.

Plaintiff filed her Complaint under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA") to remedy alleged acts of discrimination by HHS. See Complaint. Specifically, Plaintiff asserts that she was discriminated against on the basis of her age when the two (2) ACF-03-008 positions were filled by "two younger applicants." Id.

## II.   MOTION TO DISMISS

### A.   STANDARD OF REVIEW

For a plaintiff to survive a Rule 12 (b)(6) motion to dismiss, she need only provide a short and plain statement of the claim and the grounds on which it rests. Lipsman v. Secretary of the Army, 257 F. Supp.2d 3, 6 (D.C. Cir. 2003); FED. R. CIV. P. 8 (a)(2); Colney v. Gibson, 355 U.S. 41, 47 (1957). A motion to dismiss under Rule 12 (b)(6) tests not whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim. FED. R. CIV. P. 12 (b)(6); Lipsman,

257 F.Supp.2d at 6-7.  Thus, the court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Cooper v. First Government Mortgage and Investors Corp., 206 F.Supp.2d 33, 35 (D.C. Cir. 2002); Atchinson v. District of Columbia, 73 F.3d 418, 422 (D.C. Cir. 1996).

> B. **PLAINTIFF FAILED TO COMPLY WITH EEOC FILING REQUIREMENTS**.
>
> I. **Plaintiff's Initiation of Counselor Contact Transpired Later than the Required 45-day Time Limit.**

The threshold prerequisite for any administrative claim of discrimination is the 45-day time limit set forth in EEOC regulations, which provides that an aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory, or in the case of a personnel action, within 45 days of the effective date of the action.  29 C.F.R. § 1614.105(a)(1); Koch v. Donaldson, 260 F.Supp. 2d 86, 89 (D.C. Cir. 2003).  The Court's power to equitably toll these filing periods may be exercised "only in extraordinary and carefully circumscribed instances."  Mondy v. Sec'y of the Army, 845 F. 2d 1051, 1057 (D.C. Cir. 1988).

Furthermore, the Supreme Court recently held that a party raising claims of discrete acts of discrimination must file his or her charge within the applicable time limits or lose the ability to recover for it.  National Railroad Passenger Corp., v.

Morgan, 536 U.S. 101 (2002).  In Morgan, the Court held that "discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify.  Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'"  Morgan, 536 U.S. at 114.  Thus, a plaintiff may only file a charge to cover discrete acts that transpired during the appropriate time period.

In Plaintiff's sworn Affidavit, she maintains that around March 28, 2003, she was told by Ms. Walker, Deputy Director, OA, that the vacancies for the Grants Management Specialist position had been filled at the GS 9 level.  ROI, Ex. 5.4.  However, in filing her claim with the EEO office, Plaintiff asserts that she was discriminated against on July 25, 2003, a date that is approximately three (3) months after the March 28, 2003 date she identified in her Affidavit. ROI, Ex. 3.  In this regard, neither the ROI nor the EEO records identified any relevant documents that support Plaintiff's alleged notice on this later July date.  The record does show that Plaintiff failed to initiate contact with an EEO counselor until August 19, 2003, which is approximately five (5) months after she was put on notice of her non-selection by Ms. Walker in late March 2003.  See Exhibit 1 attached hereto.  Thus, because Plaintiff failed to initiate contact with an EEO counselor within the required 45 day time period, her claim should be dismissed.

**II.    Plaintiff's Request for a Hearing Was Also Untimely.**

In addition, on April 13, 2004, when the EEO office sent Plaintiff a copy of the ROI, the package included a notice that a hearing should be requested within thirty (30) calendar days of receipt.  See Exhibit 5, attached hereto; 29 C.F.R. § 1614.108(f).[4]  Id.  Thus, Plaintiff's request for a hearing should have been postmarked by May 18, 2004.  However, Plaintiff's request was instead received on June 30, 2004, which is more than one (1) month late.  Id.; See Speiser v. U.S. Dept. of Health and Human Services, 670 F.Supp. 380, 383 (D. D.C. 1986) (Discharged federal employee's claim of mental illness and circumstances surrounding her five and one-half-month delay in filing administrative complaint alleging discrimination did not warrant equitable tolling of 30-day period for filing complaint.)  Because Plaintiff's request for a hearing was initiated past the required date, Plaintiff's claim should be dismissed for her repeated failure to comply with the EEO guidelines and regulations.

**C.    Plaintiff's Notice of Intent to File in District Court Was Untimely Filed.**

A federal employee who does not exhaust her administrative remedies may file a judicial complaint alleging age discrimination if she gives the EEOC "not less than

---

[4] Subsequently, the office received the certified-return receipt on April 23, 2004 and the receipt was unsigned and undated.  See Exhibit 5.

thirty days' notice of an intent to file such action" and if such notice is "filed within one hundred and eighty days after the alleged unlawful practice occurred." 29 U.S.C. 633a(d); <u>Thorne v. Cavazos</u>, 744 F. Supp. 348, 350-51 (D.D.C. 1990). Here, Plaintiff filed her Notice of Intent to File in District Court on March 29, 2005. <u>See</u> Exhibit 2. In this regard, while Plaintiff properly gave the EEOC thirty (30) days' notice of her intent to file in district court, the notice she gave was not within the 180 day requirement following the alleged discriminatory event. Simply, in her Affidavit Plaintiff alleges that she was notified of her non-selection by Ms. Walker around the time of the vacancy's closing date, late March 2003. ROI, Ex. 5. Therefore, Plaintiff's Notice of Intent to File in District Court should have been filed by late September 2003. However, Plaintiff's notice, filed on March 29, 2005, was not filed until approximately twenty-four (24) months after the alleged discriminatory event. As such, because Plaintiff was approximately eighteen (18) months late in filing such a notice and because she failed to abide by temporal guidelines, her claim should be dismissed accordingly.

## IV.  <u>MOTION FOR SUMMARY JUDGMENT</u>

### A.  <u>STANDARD OF REVIEW</u>

FED. R. CIV. P. 56(c) provides that summary judgment may be granted if "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." The Supreme Court has held that there is no

genuine issue for trial "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The policy behind summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (citing FED. R. CIV. P. 1).

    The summary judgment burden may be met by consideration of affidavits, exhibits, depositions, and other discovery materials.  Barwick v. Celotex Corp., 736 F.2d 946, 958 (4th Cir. 1984).  A moving party, however, is not required to support its motion with affidavits or other similar materials negating the opponent's claim. Celotex Corp. v. Catrett, 477 U.S. 318 (1986).  Rather, a moving party will be granted summary judgment if, with or without these accompanying materials, it demonstrates that summary judgment is appropriate.  Id. at 324.

    As to the Plaintiff's burden, all justifiable inferences are to be drawn in favor of the nonmovant.  Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986). Nonetheless, the "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." Anderson, 477 U.S. at 247-48.  See also, Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987).  ("Unsupported speculation is not sufficient to defeat a

8

summary judgment motion.")

In ruling on a summary judgment motion, a judge must determine whether there is a dispute "over facts that might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248.

### B.    LEGAL DISCUSSION

Where, as here, a plaintiff offers no direct evidence of discrimination, employment discrimination claims are governed by the familiar framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 803-805 (1973). See also Cones v. Shalala, 199 F.3d 512, 516 (D.C. Cir. 2000); Duncan v. Washington Metropolitan Area Transit Authority, 240 F.3d 1110, 1114 (D.C. Cir. 2001) (employing McDonnell-Douglas test for ADA claim). Under this test, Plaintiff has the initial burden of proving by a preponderance of the evidence a prima facie case of discrimination. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). If the Plaintiff is able to establish a prima facie case, then given Defendant's legitimate, nondiscriminatory reason, Plaintiff must present evidence that the stated reason merely was a pretext for discrimination. Id. Of course, at all times, the Plaintiff retains the ultimate burden of persuasion to demonstrate that she was in fact the victim of intentional discrimination. Burdine, 450 U.S. at 252-53. In this context, in Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 148 (2000), Justice O'Connor recognized occasions where summary judgment would be

appropriate:

> Certainly there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational fact finder could conclude that the action was discriminatory. For instance, an employer would be entitled to judgment as a matter of law if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred.

This case is one of those instances.

Specifically under the ADEA, an employer is prohibited from failing or refusing to hire or discharge, or otherwise discriminate against, any individual with respect of age. 29 U.S.C. § 626(a). The ADEA provides that, for Federal agencies, "all personnel . . . actions affecting employees or applicants for employment who are at least 40 years of age . . . in Executive agencies . . . shall be free from any discrimination based on age." 29 U.S.C. § 633a(a).

### 1. **Plaintiff Has Failed To Establish a *Prima Facie* Case of Age Discrimination.**

In essence, as the Supreme Court has explained, a discrimination claim is properly based upon an employer "treating some people less favorably than others because of their race, color, religion, sex, or national origin." Teamsters v. United States, 431 U.S. 324, 335, n. 15 (1977). Plaintiff has not met her burden for establishing a prima facie case of discrimination. Although Plaintiff is a member of a

protected class based on her age, she cannot demonstrate that she has been treated "less favorably than others" because of her age.

Plaintiff has not produced any evidence that shows that age discrimination was a determining factor in her non-selection, or that any of Defendant's actions in not selecting her were discriminatory in any way. Indeed the record clearly demonstrates not only that the selected applicants were more qualified than Plaintiff , but also that applicants were treated the same regardless of their age. See Exhibit 8, Interview Notes for Ms. Richards and Ms. Watzman, attached hereto. In light of the foregoing, the Court should grant Defendant's motion for summary judgment because Plaintiff has not established a prima facie case of discrimination on the basis of age.

Moreover, even if Plaintiff were deemed to have established a prima facie case of discrimination, the record clearly demonstrates that Defendant had legitimate, non-discriminatory reasons for not selecting her. Plaintiff must show "a set of facts which would enable the fact-finder to conclude with reasonable probability that in the absence of any further explanation, the adverse employment action was the product of age discrimination." Mitchell v. Data General Corp., 12 F.3d 1310, 1315 (4th Cir. 1993); See Duke v. Uniroyal, Inc., 928 F.2d 1413, 1418 (4th Cir. 1991). In this case, Plaintiff will be able to show that her age, 63 years old, enables her to be a member of a protected group. However, in her Affidavit, Plaintiff does not present any evidence that her age is the reason for her non-selection, as such, Plaintiff fails to

meet her burden of proof.  See Ware v. Howard University, Inc., 816 F. Supp. 737, 750 (D.D.C. 1993).

Simply, the Agency sought to fill the 2003 vacancy at the lowest GS level as possible; when the Agency deemed applicants at the GS-9 level as appropriate individuals, the interview process halted and did not progress to the GS-11 or GS-12 level.  ROI, Ex. 8. The Agency only interviewed candidates whom applied at the GS-9 level.  Exhibit 6; See Exhibit 7, Interview Documents, attached hereto.  Thus, Plaintiff has failed to show that age was the reason that she was not selected for the position of Grants Management Specialist, GS-1101-9/11/12 announced under Vacancy Announcement Number ACF-03-008, as she so asserts.

The only evidence of age discrimination that Plaintiff submitted was her own opinion.  More specifically, Plaintiff stated that she believes that she was not chosen for the above mentioned vacancy because of her age (63) and because management allegedly "indicated they wanted younger women."  ROI, Ex. 5.  Yet, Plaintiff has offered no evidence to illustrate her allegation.  Moreover, Plaintiff did not submit a rebuttal statement to the Agency's affidavits, even though she was given an extended time in which to do so.  ROI, Ex. 6.  In this regard, the Commission has previously found that a complainant failed to show that the agency's reasoning was a pretext for discrimination when she only offered her "conclusory statements that the action was due to discrimination."  See Morris v. Martinez, Appeal No. 01981418, 2001 WL

683202, at *2 (E.E.O.C. May 31, 2001).

    2.    **The Agency Can Articulate Nondiscriminatory Reasons for Its Actions.**

In regard to Vacancy ACF-03-008, ACF's recent hiring strategy has been to recruit staff at the lowest possible grade level to provide career opportunities that would attract new members to the workforce and to use its limited budget wisely. ROI, Ex. 8. In this case, the decision was made to recruit at all grade levels, but to interview first all of the GS-9 candidates and to move to the GS-11 and GS-12 levels for consideration only if there were not enough qualified candidates for selection at the GS-9 level. Id.; See Exhibit 6. In fact, when candidates who had applied for more than one level for the position were called to be scheduled for an interview, they were told that ACF was only interviewing at the GS-9 level and that they should schedule their interview only if they would accept the position at the GS-9 level, even if they were eligible for consideration at the higher grade level. ROI, Ex. 8; See ROI, Ex. 13 at 5.

Simply, because management interviewed, evaluated and selected two well-qualified applicants at the GS-9 level, neither Plaintiff nor any other candidate on the GS-11 or GS-12 selection certificate was considered. ROI, Ex. 8; Ex. 13; See Exhibit 6. Furthermore, when the panel interviewed candidates at the GS-9 level, it found selectees with "superior educational credentials and experience at the state and/or

13

federal levels as grants management specialists." Id.; See Exhibit 8, Interview Notes for Ms. Richards and Ms. Watzman, attached hereto. Unlike Plaintiff who noted no college education in her application, the two selectees, Jennifer Richards (DOB 3/3/67, age 37) and Beth Watzman (DOB 3/8/61, age 43) both noted that they had degrees in higher education. ROI, Ex. 10; Ex. 11; Ex. 12; Investigator's Statement at 7.

Specifically, Ms. Richards's educational accomplishments included a 1989 Bachelor of Science Degree in Economics and History from Nebraska Wesleyan University and a 1992 Masters Degree in Economics and Sociology from the University of Nebraska-Lincoln. ROI, Ex. 11.[5] Also, from March 2002 until the time she applied for the Grants Management Specialist position in ACF, Ms. Jennifer Richards served as the Fiscal Officer for the Colorado Department of Public Health and Environment in Denver, Colorado. Id. In this role, Ms. Richards tracked all division appropriations including general funds, cash funds, cash funds exempt, and federal funds, as well as established and monitored the division's budget and implemented budget related policies. Id.

---

[5] In addition, Ms. Richards noted that she had also completed the following job-related courses: "Contracts Management Training" (2002); "Procurement Training" (2002); "Introduction to Governmental Accounting" (2001); "Applying for Federal Grants and Cooperative Agreements" (2000); "Managing Federal Grants and Cooperative Agreements for Recipients" (2000); "In-Depth Review of Head Start Fiscal and Administrative Requirements" (2000); and "Public Financial Management Training" (1997).

Ms. Watzman's educational background was significant for a 1983 Business Management Degree from the University of Maryland and a 1989 Master of Science degree in Speech Language Pathology from Loyola College. ROI, Ex. 12.[6] In addition, earlier in her career, from July 1995 until July 1997, Ms. Watzman served as a receptionist/administrative assistant for the Council of Jewish Organizations ("COJO") of Flatbush in Brooklyn, New York. ROI, Ex. 12. During her time at that organization, Ms. Watzman accumulated data and developed grant applications in accordance with funding requirements. Thus, the record shows that this vacancy was filled by two (2) highly qualified applicants, both of whom had grants work experience and higher educational backgrounds. Moreover, the vacancy was filled according to budgetary constraints and management directives and in no way discriminated against Plaintiff based on her age.

   3.   **Plaintiff Has Not Shown Any Evidence of Pretext**.

Assuming that Plaintiff could establish a *prima facie* case of discrimination on any ground, she is unable to show that the Agency's reasons for not selecting her for Vacancy Announcement Number ACF-03-008 was a pretext for discrimination. As noted above, ACF management sought to fill the said positions in the GS-9 level and

---

[6] In addition, Ms. Watzman noted that in 1993 she took the following courses at the National Institutes of Health ("NIH") Training Center: "Grants Management Responsibilities and the Grants Process"; "The Legal Underpinnings of Grants"; and "Cost Principles in Grants Administration."

alerted all applicants who applied for more than one level for the position of this fact. ROI, Ex. 8.

Plaintiff offers no evidence to rebut the Agency's reasons.[7]  She simply disagrees with the Affidavits of Agency witnesses.  The non-moving party must do more than simply show that there is some metaphysical doubt as to the material facts.  Matsushita, 475 U.S. at 596.  Here, Plaintiff has failed to make the required showing.

V.     CONCLUSION

Viewing the facts most favorable to Plaintiff, her claim of age discrimination is unsupported by the record and must be dismissed.  The Agency has offered legitimate, non-discriminatory reasons for Plaintiff's current non-selection for the position of Grants Management Specialist, GS-1101-9/11/12 announced under the Vacancy Announcement Number  ACF-03-008.  The record, considered as a whole, precludes a rational trier of fact from finding that Plaintiff was discriminated against, and consequently, the Agency is entitled to judgment as a matter of law, and there is no need for a trial.

Respectfully submitted,

KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

---

[7] During the ROI investigation, Plaintiff was given the opportunity to issue a Rebuttal Statement and given an extension of time, but chose not to respond.  ROI, Ex. 6.

_____
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

_____
BENTON G. PETERSON, WI. Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C. 20530
(202) 514-7238;(202) 514-8780 (Facsimile)
 **Benton.Peterson@usdoj.gov**

Of Counsel:

ALEX M. AZAR II
General Counsel
JEFFREY DAVIS
Associate General Counsel
ALEXANDRA MEIGHAN
Agency Representative
U.S. Department of Health and Human Services