# Affidavit

District of Columbia

I, Carol Carter Walker, Acting Director, Office of Grants Management and Deputy
Director, Office of Administration, GS-15, DOB – 1/19/42 *

at

Office of Grants Management
Office of Administration
Administration for Children and Families
Department of Health and Human Services
370 L'Enfant Promenade, SW
Washington, DC 20447

hereby solemnly affirm as follows:

1.     Work History.  I have 37 years of Federal Service.  I joined the Administration for
Children and Families (ACF) in September, 1992, and in October, 2002, became Deputy
Director, Office of Administration (OA).  In April 2003, I was given the addition role of
Acting Director, Office of Grants Management (OGM).

2.     Vacancy Announcement ACF-03-008 for Grants Management Specialist, ACF,
OA, OGM, Division of Discretionary Grants, GS-1101-09/11/12 was advertised from
February 26, 2003 until March 28, 2003.  When the selection certificates were generated
by the Program Support Center's Human Resource Service, they were sent to the OA
Executive Officer, and subsequently to me as Acting Director, OGM.  I, in turn, turned
them over to the then Acting Director, Division of Discretionary Grants, to form a panel
of OA managers to interview, evaluate and make recommendations for selections of
candidates.

As Deputy Director, OA, I was privy to and part of the discussions concerning OA's and
ACF's overall recruitment strategy.  The demographics of ACF indicate that more than
half of its employees are eligible for retirement within five years.  Further, ACF has had a
very strained administrative budget, most of which is used to pay salaries and benefits.
Accordingly, ACF's recent strategy has been to recruit staff at the lowest possible grade
level to provide career opportunities that would attract new members to the workforce
and to use its limited administrative budget resources wisely.  In the instant situation, the
decision was made to recruit at all grade levels, but to interview first all of the GS-09
candidates and to move to the GS-11 and then the GS-12 levels for consideration only if
there were not enough qualified candidates for selection at the GS-09 level.  In fact,
candidates who had applied for more than one level for the position were told when
called to be scheduled for an interview that ACF was only interviewing at the GS-09
level and that they should schedule an interview only if they would accept the position at
the GS-09 level, even if they were eligible for consideration at the higher grade level(s).

* authorized by witness to insert DoB on affidavit *

EXHIBIT ROI ex. 8    EXHIBIT PAGE 1 OF 3 PAGES 8

I had no direct involvement with the actual assessment process. However I was familiar with the questions and the scores of the candidates and felt confident that the panel yielded the best candidates for the position. The selectees had superior educational credentials and experience at the state and/or federal levels as grants management specialists.

When this position was previously advertised in 2002, the Complainant was considered at the GS-11 level and was evaluated as a poor candidate for the position. She involved the Union informally in understanding her non-selection and received candid feedback from the then Division Director, Alece Morgan, and Office Director, Dr. Maiso Bryant, at the behest of the Union. There was an extensive debriefing during which the Complainant was informed candidly of her poor assessment level during the 2002 process. I believe that debriefing also included specific guidance about how the Complainant might improve her competitiveness for future opportunities.

When this position was previously advertised in 2002, it came to light that the Complainant's supervisor had not completed and forwarded the paperwork that should have shown that the complainant had completed all of the work under her Career Opportunities Training Agreement (COTA) and was thus no longer a GS-09 Grants Management Specialist ( COTA Trainee). Further, because of some further inconsistencies in some of the COTA paperwork, the complainant was under the impression that once she had completed the COTA agreement, she was then eligible for non-competitive promotion to the GS-11 level of the grants management specialist position. During the course of her debriefing with the Union present, she was informed, that since her reassignment into the COTA program had been non-competitive, rather than competitive, she was not eligible for non-competitive promotion to higher levels of the position. Further, management was supposed to correct and clarify all of the paperwork surrounding the complainant's COTA.

In 2003 when the instant position was advertised, the complainant applied at the GS-11 level and was initially told that she was not eligible for consideration for the vacancy because she was still in a COTA position. When I became aware that her former managers had not corrected and clarified her paperwork as they should have in 2002, I personally handled the corrections and clarification of the paperwork. These corrections/clarifications resulted in the complainant's name being added to the selection certificate for the GS-11 level of the position. Because management interviewed, evaluated and selected all of the needed candidates at the GS-09 level, neither Ms. Silver nor any other candidate on the GS-11 or GS-12 selection certificate was considered.

3.    Age Discrimination. There was no discrimination against the Complainant because of her age in the evaluation and selections of candidates for the subject position.

I have read the above statement consisting of three pages. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief. If further understand that the information given is not confidential and may be shown to the interested parties.

Signature of Affiant

Carol Carter Walker

Dated this 14th day of February, 2004.

EXHIBIT 8
PAGE 3 OF 3 PAGES