UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE SILVER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action Number: 1:05CV0968(JDB) |
| | ) |
| | ) |
| U.S. DEPARTMENT OF HEALTH | ) |
| AND HUMAN SERVICES, | ) |
| | ) |
|     Defendant. | ) |

**STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

1. From 1998 until February 2001, Plaintiff served as a Program Specialist, GS-301-9, in the Office of Child Support Enforcement. ROI, Ex. 5.

2. In February 2001, Plaintiff signed a Career Opportunities Training Agreement ("COTA")[1] whereby she and the Agency agreed that she would have a full year of training/experience to qualify for the targeted position of Grants Management Specialist, GS-1101-09. Id.; ROI, Ex. 17.

3. A GS-1101-9 Grants Management Specialist uses knowledge of grants management principles, processes, and methods in the agency grant program to analyze recurring assignments of moderate difficulty. ROI, Ex. 15.2.

---

[1] The objective of the COTA process is to provide an assortment of formal classroom training, on-the-job training, and self-development activities to aid the trainee in successfully performing the target position. ROI, Ex. 17.

4. Since Plaintiff's reassignment into the COTA program had been non-competitive, rather than competitive, she was not eligible for a non-competitive promotion to higher levels of the position. ROI, Ex. 8; Ex. 6, Declaration of Ms. Daphne Weeden, attached hereto.

5. Specifically, Plaintiff's COTA Agreement itself identifies its "Target Position" as a Grants Management Specialist (COTA Trainee) GS-1101-9, and in no place purports to suggest that the trainee will be considered or trained for a GS-11 position. ROI, Ex. 17.

6. From February 2001 until February 2002, Plaintiff served as a COTA Trainee for a Grants Management Specialist and Plaintiff's projected COTA completion date was February 27, 2002. ROI, Ex. 8.[2]

7. Vacancy Announcement ACF-03-008 for Grants Management Specialist, Division of Discretionary Grants, OGM, ACF, HHS, GS-1101-09/11/12 for two positions was advertised from February 26, 2003 until March 28, 2003. ROI, Ex. 9. Basic qualifications for the position at the GS-9 level included a master's or equivalent degree or two years of higher education leading to such a degree or LL.B or

---

[2] When Ms. Carol Walker, Deputy Director, OA, became aware of the fact that Complainant's former supervisors had not updated her COTA paperwork in 2002, she personally handled the corrections and clarifications. See June 3, 2003 Letter, ROI, Ex. 17.5; Ex. 8. This letter, which excused Plaintiff from taking two (2) courses originally listed as mandatory in her COTA, "graduated" Plaintiff from the COTA program effective February 28, 2002. ROI, Ex. 17.5.

2

J.D., if related, or one year of specialized experience in the field or related to the field that equipped the applicant with the necessary knowledge, skills and abilities (KSAs) to perform the position successfully. ROI, Ex. 9.2.

8. Plaintiff's application included no information addressing higher education; instead Plaintiff noted training in conjunction with her COTA. ROI, Ex. 10.

9. Because of ACF's "very strained administrative budget" during this time, ACF's hiring strategy was to recruit staff at the lowest possible grade level to provide career opportunities that would attract new members to the workforce and to use its limited budget wisely. ROI, Ex. 8.

10. The decision was made to recruit at all grade levels, but to interview first all of the GS-9 candidates and to move to the GS-11 and GS-12 levels for consideration only if there were not enough qualified candidates for selection at the GS-9 level. Id.; See Exhibit 6. In this regard, when candidates who had applied for more than one level for the position were called to be scheduled for an interview, they were told that ACF was only interviewing at the GS-9 level and that they should schedule their interview only if they would accept the position at the GS-9 level, even if they were eligible for consideration at the higher grade level. ROI, Ex. 8; Ex. 13 at 5.

11. Plaintiff applied for the position of Grants Management Specialist, GS-

1101-9/11/12 at the GS-11 level.  ROI, Ex. 2; Ex. 5.; Ex. 8; Ex. 10; Ex. 13.4.[3]  However, because management interviewed, evaluated and selected all of the needed candidates at the GS-9 level, neither Plaintiff nor any other candidate at the GS-11 or GS-12 level was considered.  ROI, Ex. 8; See Exhibit 6.

    12.  In 2004, Plaintiff applied for Vacancy Announcement No. ACF-2004-0090, Grants Management Specialist, GS 9/11/12.  See Exhibit 6. Though Plaintiff was out of the office on leave during this time, in an act of good faith, Ms. Walker informed Plaintiff of the announcement via phone and even had the vacancy announcement sent to her via Federal Express on April 23, 2004.  See Exhibit 9.  Thereafter, Plaintiff was invited to come for an interview, but declined to do so.  Id. As such, the panel considered her application based on her records on hand.  Id.

Respectfully submitted,

                         KENNETH L. WAINSTEIN, D.C. Bar #451058
                         United States Attorney

                         R. CRAIG  LAWRENCE, D.C. Bar #171538
                         Assistant United States Attorney

---

[3] In addition, when Ms. Walker made the corrections to Complainant's COTA documentation, Plaintiff's name was added to the GS-11 level of the position.  ROI, Ex.8.

                    _____
BENTON G. PETERSON, WI. Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C. 20530
(202) 514-7238;(202) 514-8780 (Facsimile)
 **Benton.Peterson@usdoj.gov**