UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE SILVER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No: 1:05CV0968(JDB) |
| | ) |
| U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, | ) |
| | ) |
|     Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE DISPUTE**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, and Local Rule 7.1(h), Defendant submits the following response to plaintiff's statement of material facts as to which there is no genuine dispute.

Defendant contests Plaintiff's Statement of Undisputed Material Facts in regard to the following:

1. Ms. Walker and Ms. Weeden offer additional support for not selecting Plaintiff for Vacancy No. ACF-03-008, and do not merely support their decision for the reasons that Plaintiff so asserts. ROI, Ex. 7, Ex. 8; Exhibit 6, Declaration of Daphne Weeden. Here, both selectees had college degrees while Plaintiff does not. ROI, Ex. 10; Ex. 11; Ex. 12. Moreover, Plaintiff applied for the 2003 vacancy at the GS-11 level while the selectees applied at

1

the GS-9 level. ROI, Ex. 10; Ex. 11; Ex. 12.

2. Plaintiff has provided no citation or support for its statement that the Agency promotes GS-9 employees "to higher paying levels promptly." Moreover, Plaintiff has provided no support for her statement that Ms. Walker "made sure Plaintiff would not be considered" for the 2003 vacancy. Rather, standard procedures were followed in regard to the evaluation process for this vacancy. See Exhibit 6, Declaration of Daphne Weeden.

3. Plaintiff provides no citation or support for its blanket statement in regard to Plaintiff's performance level. Specifically, in regard to Plaintiff's performance for the past "four and a half years," Plaintiff's 2002 Performance Management Plan reported that she needed "to demonstrate more confidence in working independently and not depend on co-workers but instead to get her guidance from the Grants Management Officers." ROI, Ex. 16. Also, Plaintiff's attempt to evaluate Plaintiff's performance with the Affidavit of Ms. Lillian Cash, whom Plaintiff's wrongly refer to as "supervisor Lillian Cash," is meritless and quite simply a false statement as Ms. Cash has never served as Plaintiff's supervisor nor as Plaintiff's mentor.[1]

4. Though Plaintiff's attempts to alter the terms of her COTA agreement signed in February 2001, Plaintiff's COTA agreement clearly identifies as its Targeted

---

[1] See Plaintiff's Response to Defendant's Motion to Dismiss or in the Alternative, for Summary Judgment, and Plaintiff's Cross Motion for Partial Summary Judgment, pg. 17, 30.

      Position the position of Grants Management Specialist, (COTA Trainee),GS-1101-09.  ROI, Ex. 17; ROI, Ex. 5; Exhibit 6, Declaration of Ms. Daphne Weeden.  Though Plaintiff attempts to assert that "[n]othing in the COTA agreement subjects Plaintiff to any permanent bar to the non-competitive promotions" given to other employees, simply the language of Plaintiff's specific COTA agreement is clear on its face.  Id.  Moreover, COTA Agreements are used to "train employees for careers in <u>different</u> occupations and/or job series," and, as such, Plaintiff's attempt to compare her specific Agreement to other agreements is unfounded and unsupported by the record.  (Emphasis added) ROI, Ex. 17.6.

5. Plaintiff's here cite to an email from Human Resources which states that Plaintiff is "[n]ot eligible for other positions in this series until [she] satisfactory completes proscribed training."  In regard to this issue, when Ms. Carol Walker, Deputy Director, OA, became aware of the fact that Complainant's former supervisors had not updated her COTA paperwork in 2002, she personally handled the corrections and clarifications.  See June 3, 2003 Letter, ROI, Ex. 17.5; Ex. 8.  This letter, which excused Plaintiff from taking two (2) courses originally listed as mandatory in her COTA, "graduated" Plaintiff from the COTA program effective February 28, 2002.  ROI, Ex. 17.5.

6. The record and Defendant's previous filings show that all standard procedures

      were followed in regard to the 2003 vacancy, and simply, the selectees were superior candidates in comparison to Plaintiff. ROI, Ex. 7; Ex. 8; 10; Ex. 11; Ex. 12; Exhibit 6, Declaration of Daphne Weeden.

7. In regard to the 2004 vacancy, all standard procedures were followed in regard to this vacancy and the two selectees, Mr. Darryl Ingram and Mr. David Kadan, personally interviewed for the ACF-2004-0090 position, while Plaintiff did not. See Exhibit 10, Exhibit 6. Here too, the selectees were superior candidates.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney


_____
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney


_____
BENTON G. PETERSON, WI. Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. B Civil Division
Washington, D.C.  20530
(202) 514-7238;(202) 514-8780 (Facsimile)
Benton.Peterson@usdoj.gov


Of Counsel:

ALEX M. AZAR II
General Counsel
JEFFREY DAVIS
Associate General Counsel
ALEXANDRA MEIGHAN
Agency Representative
U.S. Department of Health and Human Services