**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**

CATHERINE SILVER )
6001 Lucente Avenue )
Suitland, MD 20746 )
)
Plaintiff, )
)
v. ) **Case No.: 1:05cv0968**
)
MICHAEL O. LEAVITT, ) **JURY TRIAL DEMANDED**
SECRETARY OF THE UNITED STATES )
DEPARTMENT OF HEALTH AND HUMAN )
SERVICES )
330 Independence Avenue )
Washington, DC 20201 )
)
Defendant. )
______________________________________)

**PLAINTIFF'S REPLY TO DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff argues that the evidence, in the form of admissions by decision makers, Carter-Walker and Weeden, shows that age discrimination was a motivating reason for Defendant's non-selections and continuing refusals to promote, and Defendant should be found liable. In the alternative Plaintiff argues that the 2003 non-selection, in Count I of Plaintiff's Amended Complaint, requires a mixed motive analysis. Where age discrimination was a motivating factor in Defendant's 2003 employment decision, Defendant is liable, but is entitled to the opportunity to limit Plaintiff's damages.

## THE MIXED MOTIVE ANALYSIS

District of Columbia Caselaw

The District of Columbia Circuit is clear that the mixed motive analysis and framework

apply to employment discrimination claims brought under the ADEA, as well as those brought under Title VII. In *Carter v. Pena*, 14 F. Supp. 2d 1, 9 (D.D.C. 1997), the D.C. Circuit described Plaintiff's burden to establish a mixed motive analysis under the ADEA: that she demonstrate "*an impermissible criterion was in fact a motivating or substantial factor in the employment decision*." This shifts the burden of persuasion to the Defendant. *Id. at 9.* In other ADEA cases this year, *Carter v. George Washington University,* 387 F. 3d 872, 878 (C.A.D.C. 2004), and *Threadgill v. Spelling, Secretary, DOE,* 2005 WL 1655006 (D.D.C. 2005), – F. Supp. 2d – (D.D.C. 2005), the court repeated that where there is direct evidence, the *McDonnell Douglas* paradigm is not applicable. *See also, Hall v. Giant Food, Inc.,* 175 F. 3d 1074, 1077 (D.C. Cir. 1999) (citing *McDonnell Douglas Corp. v.. Green*, 411 U.S. 792 (1973). The most recent D.C. Circuit cases explaining the mixed motive framework are in the Title VII context, as follows.

*Porter v. Natsios*, *Administrator AID,* 414 F.3d 13 (D.C.Cir. 2005) is an explication of the analysis. The Court explained: in the statutory language, which forbids employment decisions "because of" an illegal factor, "'[b]ecause of' does not mean '*solely'* because of.*"* (*Porter, at 18)* (emphasis in the original) According to *Porter,* the mixed motive framework allows an employee to establish a violation "*without proving that the impermissible consideration was the sole or but-for motive for the employment action*." *Porter, at 19.*[1] An employee could demonstrate that " *discrimination or retaliation played a 'motivating part' or was a substantial factor' in the employment decision*." *Porter, at 18.* The employer then has a

[1] The *Porter v. Natsios* explanation refers to the Title VII context, but as noted above, it has been established that the mixed motive analysis is also fully applicable in the ADEA context.

limited affirmative defense, the "*same action*" defense - that it would have taken the employment action even without the impermissible factor. Such a showing *" does not absolve [the employer] of liability, but restricts the remedies available to a plaintiff.*" *Porter, at 18-19.*

Last month, this Court cited *Porter*, in *Rountree v. Johanns, Secretary DOS*, 2005 WL 1926469 (D.D.C.), – F. Supp. 2d – (D.D.C., 2005), stating that a plaintiff asserting mixed motives must show *" that an unlawful motive constituted a substantial fact in the defendant's action*." Then the ultimate burden of persuasion as to whether the defendant would have taken the contested action even absent the discriminatory motive "*properly falls on the defendant." Rountree, at 9.*

U.S. Supreme Court Precedent

In *Desert Palace v. Costa,* 539 U.S. 90 (2003), the U.S. Supreme Court decided that in an employment discrimination case, for the mixed motive analysis to apply, and for the burden of persuasion to shift to the employer to prove the "*same action*" defense, a plaintiff need only present sufficient evidence for a reasonable fact finder to conclude, by a preponderance of the evidence, that the impermissible factor was a motivating factor. *Desert Palace, at 101.* Now, since *Desert Palace,* evidence that an impermissible factor was a motiving factor need not be direct evidence, but direct evidence suffices to shift the burden under *Price v. Waterhouse,* 490 U.S. 228 (1989) and D.C. Circuit cases cited above.

The Supreme Court also requires, under *Desert Palace,* only that the impermissible motive be *" a motivating factor.*"[2] *Id. at 101 (emphasis added)* The language used in D.C.

[2] As noted in *Desert Palace,* in the *Price v. Waterhouse* discussion, the three judges favoring a requirement of a substantial factor, rather than a motivating factor, did not prevail. *Desert Palace* is clear that only a motivating factor is required. *Desert Palace, at 92.*

Circuit cases, above, is "a motivating factor or a substantial factor," but in any case it is clear that Plaintiff only needs to show that age was a motivating factor, and even though the employer may also have relied upon permissible factors, the burden of persuasion shifts.

**DOES THE MIXED MOTIVE ANALYSIS APPLY**

Decision makers, Ms. Carter Walker and Ms. Weeden, admitted in sworn explanations that age was a motivating factor in their decision during the 2003 selection process. Defendant claims that Carter-Walker and Weedens' comments, reported by Plaintiff, are taken out of context. The decision-makers' answers are set out below, verbatim, and in full context.

Carter-Walker and Weeden were asked specifically why they rejected Plaintiff for the 2003 Grants Management Openings.

By Ms. Weeden

> In May 2003, I became Acting Director of this Division and in September, 2003, I entered my present position. Vacancy Announcement ACF-03-008 for Grants Management Specialist, GS-1101-9/11/12 was advertised from February 26, 2003 until March 28, 2003. When the selection certificates were created by personnel and given to Ms. Carol Carter Walker and then to me, I convened a panel of four grants management officers in the district. We started interviews at the GS-9 level, because the number of candidates were more numerous and we were interested in longevity for the positions. The Complainant was the only inside candidate.
>
> (*ROI: Exhibit 7.1, attached*)

______Selecting candidates because *"we were interested in longevity*" is a preference for younger workers, an age-based motive. Preference for candidates who have more work years ahead is a preference based upon the candidate's age bracket. It is age bias, whether or not the decision maker happens to also make derogatory comments about the disfavored older worker at the time. Defendant's admitted use of longevity as a factor to select candidates "*prove[s]*

*discriminatory input into the decisional process,"* as in *Price v. Waterhouse, supra, at 277.* It demonstrates that the decision maker placed "*negative reliance on an illegitimate criterion," Id.,* and triggers the mixed motive analysis.

By Ms. Carter Walker

> As Deputy Director, OA, I was privy to and part of the discussions concerning OA's and ACF's overall recruitment strategy. The demographics of ACF indicate that more than half of its employees are eligible for retirement within five years. Further, ACF has had a very strained administrative budget, most of which is used to pay salaries and benefits. Accordingly, ACF's recent strategy has been to recruit staff at the lowest possible grade level to provide career opportunities that would attract new members to the workforce and to use its limited administrative budget resources wisely.
>
> (*ROI: Exhibit 8..1, attached*)

Carter Walker explains that ACF has too many employees "*eligible for retirement within five years.*" Efforts to avoid workers "*eligible for retirement within five years"* is an effort to avoid older workers. Restricting the pool of candidates for the purpose of attracting "*new members to the workforce"* is age discrimination.

The motive was to select candidates with longevity, who were new members of the workforce, and to avoid workers who might be eligible to retire in five years. These are *" impermissible criteria which were motivating factors in the employment decision." Carter v. Pena*, 14 F. Supp. 2d 1, 9 (D.D.C. 1997. Regarding the 2003 non-selection, Plaintiff is entitled to shift the burden of persuasion to Defendant. Factors relied upon were "*inextricably linked to age"* which correlate with no *" independent factor other than age." Hazen Paper Co. v. Biggins,* 507 U.S. 604, 611 (1993). As in *Thomas v. NFL Players Ass'n,* 131 F. 3d 198, 202-03 (C.A.D.C. 1997), it must be "*presume[d] that the employer's discriminatory animus made a*

*difference in the outcome."* [3]

Defendant's claim that standard procedures were followed, and his description of an interview process, prove nothing, where Plaintiff, apparently the only candidate in her age bracket, was never interviewed, and there seems to be nothing in her application for the 2003 GS- 9/11/12, 2003 position to indicate that she would accept only a GS-11 position. [4] Defendant argues, in essence, that Defendant was motivated in the decision making by cost. But where a Plaintiff establishes use of a forbidden consideration, the employer has liability "*even though other factors also motivated the practice*." *Desert Palace v. Costa*, 539 U.S. 90, 91 (2003).

**REMAINING ISSUES**

Other issues discussed in Defendant's combined Reply/Response [5] seem to be raised by Plaintiff's Motion for Partial Summary Judgment, and are therefore addressed briefly.

Non-Selection and Refusal to Promote Subsequent to 2003.

______Plaintiff is consistently denied promotion, including a denial in November, 2004, within 180 days of the filing of Plaintiff's March 29, 2005 Notice of Intent to Sue to the EEOC. (Count

---

[3] The admissions by decision makers will also apply to the non-selection in 2004, and the continuing refusal to promote, including the most recent, in November, 2004.

[4] Defendant provides no evidence to refute that Plaintiff was consistently ranked fully successful, and that all other younger Grants Management Specialists have been promoted (Plaintiff's Statement of Undisputed Facts). Plaintiff's citation to the COTA policies in Statement if Undisputed Material Facts, No. 4, cites to official statement of COTA policy objectives, and not to "other COTA] agreements." (Defendant's Response to Plaintiff's Statement of Material Facts as to which There is No Genuine Dispute, page 3)

[5] *Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss or in the Alternative for Summary Judgment, and Defendant's Opposition to Plaintiff's Cross Motion for Partial Summary Judgment* (hereinafter *"*Reply/Response*"*).

II of Plaintiff's Amended Complaint ) Where Plaintiff timely sought relief directly in federal court, as part of the present action, more than 30 days after her timely Notice of Intent to Sue, Defendant does not explain why the claim (Count II) should be dismissed. [6]

Defendant finds it improper (Reply/Response at pages 18-21) for Plaintiff to raise and discuss other discriminatory acts,[7] specifically the 2004 non-selection. Defendant argues that the claim, a related (and in fact identical) failure to hire which took place in 2004, is time barred after *Nat'l R.R. Passenger Corp. V. Morgan*, 536 U.S. 101 (2002). But this court specifically noted in *Velikonja v. Mueller*, 315 F. Supp. 2d 66, 74 (D.D.C. 2004) that "*Morgan* only barred *prior* acts not covered by the administrative complaint*."* (emphasis in the original) In *Velikonja*, the court held *Morgan* to have "*prohibit[ed] claims that plaintiff presents 'for the first time in federal court.'" Id. at 74.* It was fair, according to the Court, that subsequent similar acts are deemed timely, where the employer has already had a fair opportunity to provide full redress or to attempt resolution. The Court explained:

> The approach comports with the 'purpose of the exhaustion doctrine' to give the 'agency notice of a claim and [the] opportunity to handle it internally.' (citation omitted)....[T]he exhaustion doctrine was not intended to 'become a massive procedural roadblock to access to the courts.' (citation omitted)...Therefore, where the ends of administrative exhaustion have been served by the pursuit of administrative remedies with regard to the subsequent acts, separate initiation of administrative exhaustion for related post-complaint conduct is not required.

---

[6] There has been no discovery regarding the 2004 non-selection. Defendant never produced the ages and promotion history of the 14 employees in the division, requested by the investigator of the 2003 non-selection claim. (ROI: Exhibit 18.1, request # 5, and Description of Investigation, page 6, footnote 4 ), which information will be useful in resolving this matter.

[7] *Nat'l R.R.Passenger Corp. V. Morgan*, 536 U.S. 101 (2002), provides that a plaintiff may present previous discriminatory acts (previous ongoing refusal to promote, and the 2002 non-selection) as "*background evidence to support a timely claim.*" *Morgan, at 102.*

*Velikonja, at 74*

The 2003 Non-selection

Regarding the 2003 claim, Defendant argues (Defendant's Reply/Response at 3, Defendant's Motion to Dismiss at pages 4,7) that Plaintiff's Affidavit states she "*was told by Ms. Walker, Deputy Director, OA, that the vacancies for the Grants Management Specialist position had been filled at the GS- 9 level*" around the time of the closing of the vacancy posting. But Defendant declines to cite, in either of his briefs, to any language in Plaintiff's Affidavit which supports his claim. It isn't cited, because it isn't there.

Plaintiff was not told "*the vacancies...had been filled....*" because, as fully documented they had not been filled. (pages 12-13 of *Plaintiff's Response to Defendant's Motion to Dismiss or in the Alternative for Summary Judgment and Plaintiff's Motion for Partial Summary Judgment*). Nor was Plaintiff told she would not be considered. She was a GS-9, and would have been happy to hired as a GS-9 to the GS-9/11/12 position. Nothing said by Ms. Walker, around the time of the closing of the vacancy posting, can be construed to be an operative notice of non-selection.[8]

Disparate Impact

Defendant states that disparate impact under the ADEA is not a cognizable claim (Reply/Reponse, pages 8-9), citing caselaw which has been specifically overruled by *Smith v. City of Jackson, Miss.,* 125 S. Ct. 1536, - U.S. - (2005). Defendant claims (Reply/Response, page 9, footnote 3) that *Smith* states, at page 1540, that disparate impact under the ADEA

[8] Defendant cannot even date the purported "earlier" notice. Plaintiff was frequently in and out of work during this period, and "*around the time of the closing,"* which she references, could have been weeks later.

applies only to private, not federal, employers. Nothing resembling that such a statement is found at page 1540, or anywhere. There is no private employer in *Smith,* a case involving city police and the City of Jackson, Miss.

Hostile Work Environment

______Defendant is incorrect on the law (Reply/Response, page 8 ), as to Plaintiff's claim of hostile work environment. Defendant's continuing conduct constitutes a hostile work environment which suffers no time bar under *Nat'l R.R. Passenger Corp. V. Morgan*, 536 U.S. 101 (2002). The holding in *Morgan* is that where one of a series of hostile acts occurs within the statutory period (denial of Plaintiff's promotion in November, 2004), the cause of action is based on the cumulative effect of the acts contributing to the claim, and the entire time period may be considered for the purposes of liability. *Morgan, at 115-116*

**CONCLUSION**

Plaintiff asks for a finding that the evidence proves Defendant discriminated against Plaintiff in non-selections and refusals to promote Plaintiff Catherine Silver. In the alternative, Plaintiff asks for a finding that the evidence proves age discrimination was a motivating factor, in all non-selections and refusals to promote, or in the alternative for the 2003 non-selection investigated by the agency. Defendant has the opportunity to present his affirmative defense to limit damages.

Respectfully submitted,

HENRICHSEN SIEGEL, PLLC

/s/

Josh N. Burton, D.C. Bar No. 473332
Eric L. Siegel, D.C. Bar No. 427350
Nancy S. Brewer
Henrichsen Siegel, P.L.L.C.
5301 Wisconsin Avenue, Suite 570
Washington, D.C. 20015
Telephone: (202) 966-6500
Facsimile: (202) 966-7464
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

______I hereby certify that the foregoing Plaintiff's Reply to Defendants Response to Plaintiff's Motion for Partial Summary Judgment was served electronically on this 10th day of October, 2005 on the following:

Benton G. Peterson
Assistant U.S. Attorney
Judiciary Center Building
Civil Division
555 4th Street, NW
Washington D.C. 20530
Phone: (202) 514-7238
Fax: (202) 514-8780

______/s/________________________
Josh N. Burton